IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL OLIVER
*Suing as King Michael Oliver*,
**# B-89925,**

**Plaintiff,**

v.  No. 17-cv-00169-DRH

BRUCE RAUNER,
JOHN R. BALDWIN,
LYERLA,
SGT. SCOTT,
KIMBERLY BUTLER,
JACQUELINE LASHBROOK,
RICHARD E. SWINEY,
CHARLES HECK,
LESLIE McCARTY,
BART A. LIND,
CAROL A. McBRIDE,
PHILLIP O. BAKER,
**MAILROOM CLERK(s),**
**and FOOD SERVICE SUPERVISOR(s),**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Michael Oliver, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for numerous deprivations of his constitutional rights that occurred at Menard Correctional Center ("Menard") and Pinckneyville Correctional Center ("Pinckneyville"). (Docs. 1, 1-1). He seeks monetary damages

against a group of Menard defendants,[1] Pinckneyville defendants,[2] and State defendants.[3] (Doc. 1, pp. 1, 13). He also seeks injunctive relief. (Doc. 1, pp. 1, 5-6).

Proceeding *pro se*, Plaintiff originally filed this action in the United States District Court for the Central District of Illinois on February 15, 2017. (Doc. 1). The Central District transferred the case to this District, after noting that the claims described in the Complaint arose at two prisons located in this federal judicial district. (Doc. 5). This case was opened on February 17, 2017. (Doc. 6).

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an

---

[1] The Menard defendants include Warden Kimberly Butler, Major Lyerla, and Sergeant Scott. (Doc. 1, p. 1).

[2] The Pinckneyville defendants include Warden Jacqueline Lashbrook, Richard Swiney, Jr., Lieutenant Charles Heck, Leslie McCarty, Bart Lind, Carol McBride, Phillip Baker, Unknown Mailroom Clerk(s), and Food Service Supervisor(s). (Doc. 1, p. 1).

[3] The State defendants include Governor Bruce Rauner and Illinois Department of Corrections ("IDOC") Director John Baldwin. (Doc. 1, p. 1).

objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint (Doc. 1, pp. 1-6) and supporting exhibits (Doc. 1, pp. 7-23; Doc. 1-1, pp. 1-19), the Court deems it appropriate to exercise its authority under § 1915A and the Federal Rules of Civil Procedure by dismissing certain claims and severing others. Before screening the claims that remain in this action, however, Plaintiff shall be granted an opportunity to file an amended complaint.

## **The Complaint**

The Complaint consists of a list of claims against officials at Menard for violations of Plaintiff's constitutional rights in 2015. (Doc. 1, pp. 2-5). Plaintiff also includes a list of claims against officials at Pinckneyville for violations of his constitutional rights that occurred after transferring there in late 2015. *Id*. Finally, he brings claims against high-ranking State officials based on their supervisory roles over both prisons. (Doc. 1, pp. 1-13).

Plaintiff organized the Complaint into 7 separate counts. (Doc. 1, pp. 2-5). Each count consists of multiple additional claims with few factual allegations. *Id*. The Court has done its best to separate each count into distinct claims below. Because the Complaint sets forth few additional factual allegations, it is not necessary to separately summarize the allegations here.

Omitted from the below list of claims are any additional claims set forth in Plaintiff's exhibits to the Complaint. (Doc. 1, pp. 7-23; Doc. 1-1, pp. 1-19). Plaintiff filed several exhibits that he refers to as "Amendments." *Id*. These "Amendments" expand upon his claims. *Id*. In "Amendment A," for example, he includes claims against officials at Jackson County Jail, Menard, and Pinckneyville. (Doc. 1, p. 7). Many of these individuals are not named as defendants in this action.

In "Amendment B," Plaintiff describes a disciplinary ticket that he received at Pinckneyville on June 16, 2016. (Doc. 1, p. 8). He does not refer to this incident in the Complaint. *Id.* It is therefore unclear whether he intends to bring a claim against any prison officials based on it.

Plaintiff's next exhibit consists of a "Civil Complaint Pursuant to the Federal Tort Claims Act and/or State Tort Law" against Inmate Logan, who allegedly assaulted him at Pinckneyville on December 7, 2016. (Doc. 1, pp. 9-10). It is not clear whether Plaintiff has already filed this complaint as a separate action, or whether he intends to do so in the future. *Id*. If he intended to bring a claim

against Inmate Logan in this action, Plaintiff has not named this inmate as a defendant.

In "Amendment C," Plaintiff indicates that he would like to bring still another claim for the denial of law library access at Pinckneyville against C/O Belz. (Doc. 1, pp. 11-13). Plaintiff indicates that he would like to add this individual as a defendant. *Id*.

In addition, Plaintiff includes a series of exhibits in the following order: Exhibit 4 (Doc. 1, p. 14), Exhibit 6 (Doc. 1, p. 15), Exhibit X (Doc. 1, p. 16), Exhibit 10A (Doc. 1, p. 17), Exhibit W (Doc. 1, pp. 18-19), Exhibit 10B (Doc. 1, pp. 20-21), Exhibit Z (Doc. 1, pp. 22-23), Exhibit Z2 Squared (Doc. 1-1, p. 1), Exhibit T (Doc. 1-1, pp. 2-3), Exhibit T2 (Doc. 1-1, p. 4), Exhibit OR1 (Doc. 1-1, p. 5), Exhibit 17 (Doc. 1-1, p. 6), Exhibit 18 (Doc. 1-1, p. 7), Unnumbered Exhibits (Doc. 1-1, pp. 8-13), Exhibit IRA (Doc. 1-1, p. 14), Exhibit 29 (Doc. 1-1, pp. 15-19), etc. Given that Plaintiff's system of organizing these exhibits makes no sense, it is not clear whether he omitted exhibits from his filing.

Plaintiff seeks monetary damages against the defendants. (Doc. 1, pp. 5-6). He also vaguely alludes to injunctive relief. (Doc. 1, p. 1).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1 –** Eighth Amendment failure to protect claim against prison officials who did not intervene on behalf of Plaintiff when he was attacked by Inmate Logan in the lunch line at Pinckneyville on December 7, 2016.  (Doc. 1, p. 2, "Count 1").

**Count 2** - Fourteenth Amendment claim against C/O Swiney, Lieutenant Heck, and Warden Lashbrook for issuing Plaintiff a disciplinary ticket and punishing him with 30 days in segregation and 10 days of lost good conduct credit for the inmate attack that occurred at Pinckneyville on December 7, 2016.  (Doc. 1, p. 2, "Count 1").

**Count 3** - Eighth Amendment deliberate indifference to serious medical needs claim against prison officials who denied Plaintiff medical treatment for the injuries he sustained during the attack by Inmate Logan at Pinckneyville on December 7, 2016.  (Doc. 1, p. 2, "Count 1").

**Count 4 –** Fourteenth Amendment claim against ARB Member McCarty for ignoring Plaintiff's grievances regarding the inmate attack that occurred at Pinckneyville in order to prevent him from exhausting his administrative remedies.  (Doc. 1, p. 2, "Count 3").

**Count 5 –** Eighth Amendment claim against prison officials who served Plaintiff spoiled pulled chicken and caused him to suffer from symptoms of food poisoning at Pinckneyville on or around October 14, 2016.  (Doc. 1, pp. 3-4, "Count 4").

**Count 6 –** Eighth Amendment claim against prison officials who exhibited deliberate indifference to Plaintiff's symptoms of food poisoning after he ate spoiled pulled chicken at Pinckneyville on or around October 14, 2016.  (Doc. 1, pp. 3-4, "Count 4").

**Count 7 –** Mail interference claims against Warden Lashbrook and other prison officials who caused a delay in personal mail that was sent to Plaintiff at Pinckneyville on November 18 and 19, 2016. (Doc. 1, p. 4, "Count 5").

**Count 8 –** Fourteenth Amendment claim against Warden Lashbrook and other prison officials for punishing Plaintiff with segregation "for illegitimate reasons" after he wrote a letter to the law library staff at Pinckneyville on or around January 26, 2016.  (Doc. 1, pp. 4-5, "Count 6").

**Count 9** – Fourteenth Amendment claim against prison officials for depriving Plaintiff of a protected liberty interest without due process of law by placing him in segregation for prolonged periods of time at Pinckneyville (*i.e.*, a total of 135 days in disciplinary segregation). (Doc. 1, p. 5, "Count 7").

**Count 10** – Eighth Amendment claim against Major Lyerla for making the decision to transfer Plaintiff to Menard on July 22, 2015, to transfer him from the "hill" to the "pit" at Menard, and/or to transfer him to Pinckneyville following the flood that occurred at Menard on December 28, 2015. (Doc. 1, pp. 2-3, "Count 2").

**Count 11** – Claim against Warden Butler for conspiring with Major Lyerla at Menard to violate Plaintiff's constitutional rights and for responding to the transfer decisions with gross negligence. (Doc. 1, p. 2, "Count 2").

**Count 12** – Claim against Sergeant Scott for harassing and threatening Plaintiff at Menard because of his visitor's list. (Doc. 1, p. 3, "Count 2").

**Count 13** – Fourteenth Amendment due process and negligence claims against Major Lyerla and "others" for mishandling Plaintiff's grievances at Menard in order to prevent him from exhausting his administrative remedies. (Doc. 1, p. 3, "Count 3").

**Count 14** – Claims of vicarious liability against Governor Bruce Rauner and Illinois Department of Corrections ("IDOC") Director John Baldwin based on their supervisory roles within the prison system. (Doc. 1, p. 1).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. **Any claims that are mentioned in the Complaint or exhibits but omitted from the above list are considered dismissed without prejudice from this action.**

**Discussion**

Plaintiff's claims can be divided into two distinct groups. The first group, *i.e.*, Counts 1-9, arose during Plaintiff's incarceration at Pinckneyville beginning in late 2015 (hereinafter "Pinckneyville claims"). The second group, *i.e.*, Counts 10-13, arose from events that occurred at Menard in 2015 (hereinafter "Menard claims"). These two groups of claims do not belong in the same action. For the reasons discussed herein, the Menard claims will be severed into a new case.

Before addressing the issue of severance, however, the Court must first address Count 14, which implicates both sets of claims. This claim is clearly frivolous. Plaintiff seeks to impose liability for all of the alleged constitutional deprivations described in Counts 1-13 against Governor Rauner and IDOC Director Baldwin based on a theory of *respondeat superior* liability. However, the doctrine of *respondeat superior* does not apply to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville*, 266 F.3d at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff sets forth no allegations suggesting that either defendant was personally

responsible for the deprivation of his constitutional rights. Accordingly, Count 14 shall be dismissed with prejudice.

The Court deems it appropriate to sever the remaining claims into 2 separate cases pursuant to *George v. Smith,* 507 F.3d 605 (7th Cir. 2007). In *George*, the Seventh Circuit Court of Appeals emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Claims against different defendants, which do not arise from a single transaction or occurrence or a series of related transactions or occurrences and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2). Prisoners who file "buckshot complaints" that include multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion when deciding whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's claims fall into two groups: (1) the Pinckneyville claims (*i.e.*, Counts 1-9) against Defendants Lashbrook, Swiney, Heck, McCarty, Lind,

McBride, Baker, Mailroom Clerk(s), and Food Service Supervisor(s); and (2) the Menard claims (*i.e.*, Counts 10-13) against Defendants Butler, Lyerla, and Scott. The two sets of claims are unrelated to one another. Plaintiff asserts them against different defendants.

Consistent with *George* and Federal Rule of Civil Procedure 21, the Court shall sever the Menard claims (*i.e.*, Counts 10-13) against Defendants Butler, Lyerla, and Scott into a new case. A new case number will be assigned to the severed case, and a separate filing fee will be assessed. The severed case shall undergo preliminary review pursuant to § 1915A.

The Pinckneyville claims (*i.e.*, Counts 1-9) shall remain in this action. Before conducting a preliminary review of those claims under § 1915A, the Court will offer Plaintiff an opportunity to file an amended complaint in this case that focuses *only* on claims arising at Pinckneyville. This is largely because Plaintiff failed to name specific defendants in connection with several of his claims or provide sufficient factual support for each claim. In addition, Plaintiff included exhibits that appear to expand his Pinckneyville claims beyond the original scope of his Complaint, by naming prison officials and claims that were not included in the statement of his claim. Finally, the exhibits are not organized in a logical sequence (*e.g.*, using numbers or letters), calling into question the completeness of the Complaint.

For each of these reasons, the Court deems it necessary to allow Plaintiff an opportunity to file an amended complaint in *this* case that focuses on a single set

of related claims against the same group of Pinckneyville defendants. The instructions and deadline for amending the complaint are set forth in the below disposition. Failure to file an amended complaint that complies with the below-listed instructions and deadline shall result in the Court's preliminary review of the original Complaint after the deadline for amending expires.

## Interim Relief

Plaintiff requests "injunctions" in his Complaint. (Doc. 1, pp. 1, 5-6). However, he does not state what specific injunctive relief he seeks. He does not request a temporary restraining order ("TRO") or a preliminary injunction. He does not refer to Rule 65(a) or (b) of the Federal Rules of Civil Procedure.

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. *See* FED. R. CIV. P. 65(b)(2). A TRO is warranted only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). This form of relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Neither form of relief is warranted at this time. When combing through the allegations in the Complaint to determine what interim relief Plaintiff might be seeking, the Court identified three possible requests that pertain to his current confinement at Pinckneyville. First, Plaintiff seeks law library access. (Doc. 1, pp. 11-13). Second, he seeks possible medical treatment for injuries he sustained during the inmate attack in December 2016. (Doc. 1, p. 2). Third, he seeks protective placement. (Doc. 1, pp. 5-6).

With respect to the first request, Plaintiff seeks the Court's assistance in accessing the prison law library. (Doc. 1, pp. 11-13). However, Plaintiff fails to indicate how often he is currently granted access, when he requested additional access, to whom he directed the request, and the response he received to his request. *Id*. Without this basic information, the Court is unable to assess his need for relief under Rule 65(a) or (b).

With respect to the second request, Plaintiff alludes to untreated injuries that he sustained during the inmate attack that occurred in December 2016. (Doc. 1, p. 2). He alleges that his jaw injury remained untreated as of mid-January. *Id*. Once again, Plaintiff does not specifically seek treatment for it at this time. *Id*. He does not indicate when he requested treatment, to whom he

directed the request, and the response he received. *Id.* Accordingly, the Court finds no basis for granting interim relief under Rule 65(a) or (b) at this time.

As for his third request, Plaintiff refers to the need for protection from another inmate assault. (Doc. 1, pp. 5-6). However, he goes on to state that he was transferred to a new housing unit just before filing his Complaint. (Doc. 1, p. 6). Since his transfer, Plaintiff's living arrangements have admittedly been "a lot more peaceful." *Id.* He also refers to no specific threat of harm at this time. No TRO or preliminary injunction is warranted under the circumstances.

The Court concludes that no interim relief is warranted at this time under Rule 65. Should Plaintiff's situation change, he may file a motion seeking a TRO or preliminary injunction in this case.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 14** is **DISMISSED** with prejudice against Defendants **RAUNER** and **BALDWIN** (*i.e.*, State defendants) for failure to state a claim upon which relief may be granted. Defendants **RAUNER** and **BALDWIN** are **DISMISSED** with prejudice from this action because they are named in connection with no other claims.

**IT IS FURTHER ORDERED** that **COUNTS 10-13** (*i.e.,* Menard claims), which are unrelated to **COUNTS 1-9** (*i.e.,* Pinckneyville claims), are severed into a new case against Defendants **BUTLER, LYERLA,** and **SCOTT**, which shall be captioned: **MICHAEL OLIVER, Plaintiff vs. KIMBERLY BUTLER, MAJOR LYERLA, and SERGEANT SCOTT, Defendants**.

The Clerk is **DIRECTED** to file the following documents in the new case:

(1)     This Memorandum and Order;

(2)     The Original Complaint (Doc. 1);

(3)     Motion for Leave to Proceed *in forma pauperis* (Doc. 3).

Plaintiff will be responsible for an additional $400.00[4] filing fee in the new case.  The claims in the newly severed case are subject to review under 28 U.S.C. § 1915A after the new case number and judge assignment are made.  No service shall be ordered on the defendants in the severed case until the § 1915A review is completed.  That case is also subject to further severance, should the Court determine, as the case proceeds, that Plaintiff has improperly joined parties and/or claims in the newly severed case.

**IT IS ORDERED** that Defendants **BUTLER, LYERLA,** and **SCOTT** are **TERMINATED** from *this* action with prejudice.

**IT IS FURTHER ORDERED** that the <u>*only claims remaining in this action are* COUNTS 1-9 (i.e., Pinckneyville claims) against Defendants LASHBROOK, SWINEY, HECK, McCARTY, LIND, McBRIDE, BAKER, MAILROOM CLERK(s), and FOOD SERVICE SUPERVISOR(s) (i.e., Pinckneyville defendants).</u>  This case shall now be captioned: **MICHAEL OLIVER, Plaintiff vs. JACQUELINE LASHBROOK, RICHARD SWINEY, CHARLES HECK, LESLIE McCARTY,**

---

[4] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

**BART LIND, CAROL McBRIDE, PHILLIP BAKER, MAILROOM CLERK(s), and FOOD SERVICE SUPERVISOR(s)**.

**IT IS FURTHER ORDERED** that preliminary review of **COUNTS 1-9** pursuant to 28 U.S.C. § 1915A shall be suspended in *this* case until after March 28, 2017**.**  On or before that date, Plaintiff is **ORDERED** to file a First Amended Complaint that includes all related claims against the Pinckneyville defendants. Failure to file a First Amended Complaint that complies with this Order (including the instructions and deadline set forth herein) will result in the screening, dismissal, and/or further severance of Counts 1-9 after the deadline passes.  No service shall be ordered on the defendants in this case until the § 1915A review is completed.

Should Plaintiff decide to file an amended complaint in this case, it is strongly recommended that he use the forms designed for use in this District for such actions.  He must label the amended complaint, "First Amended Complaint," and refer to *this* case number (*i.e.*, Case No. 17-00169-DRH).  The amended complaint shall present each claim against the Pinckneyville defendants in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  He should *include only related claims* in his amended complaint.  Claims found to be

unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. **The First Amended Complaint and exhibits must be labeled in order, using letters or numbers**, so that the Court can determine whether pages are missing**.** The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[5] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

---

[5] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 23rd day of February, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.02.23 17:17:41 -06'00'

**UNITED STATES DISTRICT JUDGE**