IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL OLIVER
*Suing as King Michael Oliver*,
# B-89925,

    Plaintiff,

v.                                      No. 17-cv-00169-DRH

JACQUELINE LASHBROOK,
RICHARD E. SWINEY,
CHARLES HECK,
LESLIE McCARTY,
BART A. LIND,
CAROL A. McBRIDE,
PHILLIP O. BAKER,
MAILROOM CLERK(s),
and FOOD SERVICE SUPERVISOR(s),

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On February 15, 2017, Plaintiff King Michael Oliver filed a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Central District of Illinois based on several alleged violations of his constitutional rights at Menard Correctional Center ("Menard") and Pinckneyville Correctional Center ("Pinckneyville"). *See Oliver v. Lashbrook*, No. 17-cv-01076 (C.D. Ill. 2017). Both prisons are located in this federal judicial district. Therefore, the case was transferred to the Southern District of Illinois the same month. (Doc. 5).

1

This Court screened the Complaint on February 24, 2017. (Doc. 8). The screening order identified at least 14 claims against 3 groups of defendants, including a group of Menard defendants, Pinckneyville defendants, and State defendants. (Doc. 8, pp. 6-7). The claims were largely undeveloped and improperly joined. Counts 1-9 arose from events that occurred during Plaintiff's incarceration at Pinckneyville. Counts 10-13 arose from events that occurred at Menard. Count 14 was a vicarious liability claim against two high-ranking state officials for the conduct that occurred at both prisons.

The Court dismissed Count 14 with prejudice and severed the Menard claims (*i.e.*, Counts 10-13) into a separate suit. *See Oliver v. Butler*, No. 17-cv-00206-DRH (S.D. Ill. 2017). The Pinckneyville claims (*i.e.*, Counts 1-9) remained in this action. (Doc. 8, p. 10). Before further review of these claims was completed under 28 U.S.C. § 1915A, the Court offered Plaintiff an opportunity to file an amended complaint that focused only on his Pinckneyville claims. *Id*.

The Court had numerous reasons for deferring § 1915A review of the Pinckneyville claims. (Doc. 8, pp. 10-11). Plaintiff identified claims in his exhibits that were not in the Complaint. *Id*. The exhibits appeared to be incomplete but were so poorly organized that the Court could not tell with certainty. *Id*. Several claims lacked any factual basis. *Id*. Numerous others lacked reference to any defendants. *Id*. Finally, further severance of the claims appeared necessary, but this determination could not be made until Plaintiff

named defendants in connection with each claim. *Id*. For these reasons, Plaintiff was given an opportunity to file an amended complaint. (Doc. 8, p. 15).

The initial deadline for amending was March 28, 2017. (Doc. 8, p. 15). The Court warned Plaintiff that failure to file an amended complaint by the deadline would result in preliminary review of his Complaint. *Id*. On March 6, 2017, Plaintiff filed a "Motion for Reconsideration." (Doc. 12). In his Motion, Plaintiff indicated that he intended to file an amended complaint. (Doc. 12, pp. 2-3). He confirmed that one or more claims were omitted from his original Complaint. *Id*. He also pointed out that five (5) exhibits were, in fact, missing from the initial Complaint: Exhibit Y2, Exhibit 14, Exhibit O, Exhibit 6b2, and Exhibit 6b3. (Doc. 12, p. 2). However, he asked to be excused from filing these exhibits or re-filing any others because doing so placed him "at risk of injury" and "at a huge disadvantage." (Doc. 12, p. 3). He did not explain how or why. *Id*. Plaintiff requested discharge of his filing fee obligation. (Doc. 12). He also requested the appointment of counsel. (Doc. 13).

The Court construed Plaintiff's Motion for Reconsideration as a Motion for Leave to File Amended Complaint and denied it as moot on March 14, 2017. (Doc. 15). Plaintiff did not question any aspect of the Court's initial Order in his Motion. (Doc. 8). His concerns instead focused on the preparation and filing of an amended complaint, which Plaintiff was previously granted leave to file. (Docs. 8, 15). Nonetheless, the Court granted Plaintiff additional time to prepare and file

his amended complaint, while denying his request for counsel and discharge of his filing fee obligation. (Doc. 15).

The deadline for filing the amended complaint was extended to April 27, 2017. (Doc. 15, pp. 1, 5). This time, the Court warned Plaintiff that failure to comply with the extended deadline or instructions for amending the complaint would result in dismissal of the action for noncompliance with a court order or for failure to prosecute his claims. (Doc. 15, pp. 5-6) (citing FED. R. CIV. P. 41(b)).

Plaintiff did not file an amended complaint before the extended deadline expired on April 27, 2017. The Court has received no communication from Plaintiff since March 16, 2017, when he renewed his request for discharge of his filing fee obligation.[1] (Doc. 16). Although he expressed concern over his ability to properly organize and file the exhibits to his amended complaint in the same motion, Plaintiff mentioned nothing about the status of the amended complaint. *Id*. He also did not request another extension of the deadline for filing it. *Id*. In light of these developments, the Court will now screen Counts 1 through 9 in the original Complaint pursuant to 28 U.S.C. § 1915A and consider whether it is appropriate to dismiss the Complaint and this action based on Plaintiff's failure to

---

[1] In the Motion, Plaintiff indicated that he did not seek a waiver of the obligation to pay his filing fee, but rather "discharge" of the obligation. *Id*. In support of this request, Plaintiff relied on a 1933 executive order. However, Plaintiff's filing fee obligation arises under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, and 28 U.S.C. § 1915(b). These statutes require a prisoner to pay the full filing fee for each civil action or appeal he files. An inmate who is unable to prepay the full fee may seek leave to proceed *in forma pauperis* under § 1915(b), which authorizes the payment of the filing fee over time in monthly installments. However, neither statute allows a prisoner to avoid the obligation to pay the fee altogether or to discharge the debt once it is incurred. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Because the PLRA and § 1915(b) control, Plaintiff's Motion to Discharge Debt (Doc. 16) was DENIED. (Doc. 17)

comply with an Order (Doc. 15) of this Court and/or for failure to prosecute his claims.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Section 1915A provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court deems it appropriate to exercise its authority under § 1915A to dismiss Counts 1 through 9 and this action for failure to state a claim upon which relief may be granted.

**Discussion**

This case focuses on the following claims that arose during Plaintiff's incarceration at Pinckneyville:

**Count 1 –** Eighth Amendment failure to protect claim against prison officials who did not intervene on behalf of Plaintiff when he was attacked by Inmate Logan in the lunch line at Pinckneyville on December 7, 2016. (Doc. 1, p. 2, "Count 1").

**Count 2 -** Fourteenth Amendment claim against C/O Swiney, Lieutenant Heck, and Warden Lashbrook for issuing Plaintiff a disciplinary ticket and punishing him with 30 days in segregation and 10 days of lost good conduct credit for the inmate attack that occurred at Pinckneyville on December 7, 2016. (Doc. 1, p. 2, "Count 1").

**Count 3 -** Eighth Amendment deliberate indifference to serious medical needs claim against prison officials who denied Plaintiff medical treatment for the injuries he sustained during the attack by Inmate Logan at Pinckneyville on December 7, 2016. (Doc. 1, p. 2, "Count 1").

**Count 4 –** Fourteenth Amendment claim against ARB Member McCarty for ignoring Plaintiff's grievances regarding the inmate attack that occurred at Pinckneyville in order to prevent him from exhausting his administrative remedies. (Doc. 1, p. 2, "Count 3").

**Count 5 –** Eighth Amendment claim against prison officials who served Plaintiff spoiled pulled chicken and caused him to suffer from symptoms of food poisoning at Pinckneyville on or around October 14, 2016. (Doc. 1, pp. 3-4, "Count 4").

**Count 6 –** Eighth Amendment claim against prison officials who exhibited deliberate indifference to Plaintiff's symptoms of food

6

poisoning after he ate spoiled pulled chicken at Pinckneyville on or around October 14, 2016. (Doc. 1, pp. 3-4, "Count 4").

**Count 7** – Mail interference claims against Warden Lashbrook and other prison officials who caused a delay in personal mail that was sent to Plaintiff at Pinckneyville on November 18 and 19, 2016. (Doc. 1, p. 4, "Count 5").

**Count 8** – Fourteenth Amendment claim against Warden Lashbrook and other prison officials for punishing Plaintiff with segregation "for illegitimate reasons" after he wrote a letter to the law library staff at Pinckneyville on or around January 26, 2016. (Doc. 1, pp. 4-5, "Count 6").

**Count 9** – Fourteenth Amendment claim against prison officials for depriving Plaintiff of a protected liberty interest without due process of law by placing him in segregation for prolonged periods of time at Pinckneyville (*i.e.*, a total of 135 days in disciplinary segregation). (Doc. 1, p. 5, "Count 7").

(Doc. 8, pp. 6-7). **Any other claims that arose at Pinckneyville and are not identified above are considered dismissed without prejudice from this action.**

## Counts 1, 3, 5, 6, and 9

Plaintiff did not name a defendant in connection with Counts 1, 3, 5, 6, and 9 in the Complaint. Liability under § 1983 requires personal involvement in a violation of the Constitution. *Hamilton v. City of New Albany, Indiana*, -- F. App'x --, No. 16-3901, 2017 WL 2615453 (7th Cir., decided June 16, 2017) (citing *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)). *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (citing *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)). To establish personal participation, Plaintiff is generally required to describe the conduct of each defendant that resulted in a constitutional deprivation. By failing to name anyone in connection with these claims, Plaintiff

7

has not demonstrated that a defendant was personally involved in the violation of his constitutional rights. Counts 1, 3, 5, 6, and 9 shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 2**

Plaintiff is barred from proceeding with his Fourteenth Amendment due process claim in Count 2 by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). Plaintiff asserts the claim against C/O Swiney, Lieutenant Heck, and Warden Lashbrook for punishing him with 30 days in segregation and 10 days of lost good conduct credit for a fight that occurred at Pinckneyville on December 7, 2016. (Doc. 1, p. 2). Under *Heck*, a prisoner cannot bring a civil rights claim for money damages based on an allegedly unconstitutional disciplinary action that includes the revocation of good conduct credit, unless the disciplinary decision has been overturned or expunged. *See Heck*, 512 U.S. at 486-87 (emphasis in original). *See also Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (*Heck* bar means that a plaintiff has no claim to pursue so long as the punishment imposed remains in force); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).

By all indications, the disciplinary decision stands. A judgment in Plaintiff's favor in Count 2 would "necessarily imply" that the disciplinary action is invalid. Therefore, the due process claim in Count 2 is barred by *Heck*, and the claim ripens only after the decision is reversed or otherwise invalidated. *See*

*Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006). Count 2 shall therefore be dismissed without prejudice to Plaintiff reasserting the claim if and when the disciplinary decision is overturned.[2]

**Count 4**

The claim in Count 4 against Defendant McCarty shall also be dismissed. Plaintiff alleges that this defendant ignored his grievances and appeals regarding an inmate attack, in order to prevent Plaintiff from exhausting his administrative remedies and filing suit. (Doc. 1, p. 2). Whether characterized as a due process claim or a claim for the denial of access to courts, Count 4 does not survive screening.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Defendant McCarty's disregard, whether

---

[2] Plaintiff may be able to challenge the disciplinary decision in a federal habeas corpus case, after presenting all of his claims to the Illinois courts including the Illinois Appellate Court and the Illinois Supreme Court. Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14–101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). If Plaintiff successfully challenges the disciplinary action that resulted in the loss of good conduct credit, he may re-file this civil rights claim for money damages.

intentional or not, of Plaintiff's grievances and appeals does not give rise to an independent due process claim against this defendant.

Further, the delay, loss, or mishandling of grievances and appeals by Defendant McCarty does not support a claim against this defendant for impeding Plaintiff's access to the courts. The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). When prison officials fail to respond to inmate grievances, however, administrative remedies are considered "unavailable" under the PLRA. See *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). A plaintiff who can demonstrate that administrative remedies were unavailable is relieved from the obligation to exhaust. In light of this, a prison official's mishandling of grievances does not actually impede the prisoner's ability to file a lawsuit. Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 7

Plaintiff's mail interference claim in Count 7 against Warden Lashbrook and other prison officials shall be dismissed without prejudice. The Complaint identifies two letters that were allegedly mailed to Plaintiff on November 18 and 19, 2016. (Doc. 1, p. 4). He did not receive the first letter until December 9, 2016, or the second letter until November 22, 2016. *Id*. Plaintiff complained about these delays to Warden Lashbrook, but the warden allegedly "support[ed] the mishaps." *Id*.

The Supreme Court has recognized that inmates have a First Amendment right to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citations omitted)). However, this right does not preclude prison officials from inspecting mail to ensure that it does not contain contraband. *Kaufman*, 419 F.3d at 685-86 (7th Cir. 2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). An "isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action" under the First Amendment. *Rowe*, 196 F.3d at 782. *See also Sizemore v. Wiliford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic disruption of mail service does not violate the Constitution). Further, the inadvertent or negligent opening of an occasional letter is generally not actionable. *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990).

Plaintiff describes an isolated delay with the first letter and a short-term disruption with the second letter. The two delays in his receipt of personal mail support no claim for mail interference against Warden Lashbrook or any other prison officials. Count 7 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 8**

Finally, Count 8 against Warden Lashbrook and others meets with the same fate as Plaintiff's above claims. Plaintiff asserts that Warden Lashbrook and other prison officials harassed him and unfairly punished him with segregation "for

illegitimate reasons," after he wrote a letter to the law library staff on January 26, 2016. (Doc. 1, pp. 4-5). His letter was allegedly "'twisted and construed' into some kind of wicked plot" that resulted in his receipt of a disciplinary ticket for bribery, extortion, insolence, unlawful attempt to transfer funds, and abuse of privileges. (Doc. 1, p. 5).

Plaintiff names Warden Lashbrook and others in connection with this claim. However, he does not identify who was personally involved in the deprivation of his constitutional rights. *Hamilton v. City of New Albany, Indiana*, -- F. App'x --, No. 16-3901, 2017 WL 2615453 (7th Cir., decided June 16, 2017) (§ 1983 liability requires personal involvement in a constitutional deprivation). Plaintiff does not allege that the warden had any involvement in the decision to issue him a ticket or punish him for the letter. (Doc. 1, p. 5). According to the Complaint, the warden simply denied Plaintiff's request for a copy of the letter for later use as an exhibit. *Id*. Absent any suggestion that the warden was involved in the underlying constitutional deprivation, however, the Complaint articulates no claim against this defendant.

Vaguely referring to "law library staff" or others in connection with the claim is also not enough to establish personal involvement, particularly where they are not identified as defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416

12

F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). For these reasons, Count 8 shall also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### **Conclusion**

In summary, Counts 1 through 9 shall be dismissed. Further, this action shall be dismissed without prejudice based on Plaintiff's failure to comply with the Order of this Court requiring him to file a First Amended Complaint on or before the original deadline of March 28, 2017, or the extended deadline of April 27, 2017. (Docs. 8, 15). Although the original screening Order (Doc. 8) gave Plaintiff the option of filing a First Amended Complaint, the subsequent Order (Doc. 15) did not. After the Court issued the initial screening Order (Doc. 8), Plaintiff made it clear that his original Complaint was incomplete and would be replaced with an amended complaint. Therefore, the Court entered an Order extending the deadline for filing the amended complaint. (Doc. 15). At the same time, the Court explicitly warned Plaintiff that failure to file his First Amended Complaint on or before the extended deadline would result in dismissal of the action for failure to comply with a court order and/or for want of prosecution under Rule 41(b). (Doc. 15, pp. 5-6). Having failed to comply with the Court's Order (Doc. 15) and deadlines, dismissal of this action is now warranted.

Further, Plaintiff shall receive a "strike" within the meaning of 28 U.S.C. § 1915(g) because the Complaint failed to state any claim upon which relief may be granted.

Although he is not precluded by this Order from filing one or more new cases reasserting any claims that were dismissed without prejudice herein, Plaintiff should remain mindful of *Wheeler v. Johnson*, -- F. App'x --, No. 15-3325, 2017 WL 2417889 (7th Cir., decided June 5, 2017), and *Owens v. Godinez*, -- F. App'x --, No. 15-3892, 2017 WL 2655424 (7th Cir., decided June 20, 2017), wherein the Seventh Circuit strongly encouraged district courts to sever misjoined claims into separate suits and charge a filing fee for each newly severed case. *Id.* (citing *George v Smith*, 507 F.3d 605 (7th Cir. 2007)). Because no defendants are named in connection with most of his claims, the Court was unable to determine whether this case was subject to further severance. If Plaintiff attempts to reassert his claims in a new case, he stands warned that his claims remain subject to severance.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Discharge Debt (Doc. 16) is **DENIED**.

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes **COUNTS 1, 3, 5, 6, 7, 8,** and **9**, which are **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief

may be granted; **COUNT 2** against Defendants **SWINEY, HECK,** and **LASHBROOK**, which is **DISMISSED** without prejudice because it is *Heck*-barred; and **COUNT 4** against Defendant **McCARTY**, which is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice because the Complaint fails to state a claim upon which relief may be granted and Plaintiff failed to comply with an Order of this Court and prosecute his claims. *See* FED. R. CIV. P. 41(b). (Doc. 15, pp. 5-6) (warning Plaintiff that "[f]ailure to comply with the extended deadline . . . or the instructions for amending [his Complaint] in the initial Order (Doc. 8, pp. 15-16) will result in dismissal of this action for failure to comply with a court order and/or for failure to prosecute his claims.")).

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 13th day of July, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.07.13 13:21:28 -05'00'

**UNITED STATES DISTRICT JUDGE**